IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,  :
                            :
      Plaintiff,          :
                            :     CRIMINAL ACTION
        v.             :     NO. 1:15-CR-0240-TCB-LTW
                            :
DWIGHT HAMILTON,       :
                            :
      Defendant.        :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL

This matter is presently before the Court on Defendant's Motion to Dismiss Counts Two and Four Because 18 U.S.C. § 1519 is Inapplicable to False Statements in Jail Incident Reports and Motion to Dismiss Counts Two and Four in the Indictment as Unconstitutionally Vague (together "Motions to Dismiss False Report Counts," Docs. 14, 15; see also Docs. 42, 43 (supplements to Docs. 14, 15)); and Defendant's Motion to Dismiss Counts Nine and Thirteen of the Indictment for Failure to State a Necessary Element ("Motion to Dismiss Tampering Counts," Doc. 44). The Government has filed responses in opposition. (Docs 21, 41). Defendant has filed a reply in support of the Motions to Dismiss False Report Counts, but not with regard to his Motion to Dismiss Tampering Counts. (Doc. 22). For the reasons set forth below, this Court

**RECOMMENDS** that Defendant's Motions to Dismiss False Report Counts be **DENIED** (Docs. 14, 15) and Motion to Dismiss Tampering Counts be **DENIED** as well. (Doc. 44).[1]

## PROCEDURAL BACKGROUND FACTS

On July 17, 2015, Defendant Dwight Hamilton, a sergeant with the DeKalb County Sheriff's Office assigned to the jail, was charged in a four-count indictment with the use of excessive force against two inmates in violation of 18 U.S.C. § 242 and with falsifying the reports regarding the two incidents in violation of 18 U.S.C. § 1519 ("Section 1519"). (Doc. 1). On July 31, 2015, Defendant filed his Motions to Dismiss False Reports Counts, arguing (1) that because Section 1519 should be construed narrowly to protect only against financial fraud, it is inapplicable to falsification of jail incident reports; and (2) that Section 1519 is unconstitutionally vague because it (a) does not have a corrupt intent element, (b) does not require the government prove a sufficient connection between a defendant's conduct and an actual federal investigation, and (c) provides prosecutors with overly broad prosecutorial discretion. (Docs. 14, 15).

The indictment was superceded on October 20, 2015, asserting among other things

---

[1] The undersigned defers to the District Court to rule on Defendant's Motion to Participate in Voir Dire. (Doc. 16).

additional counts under Section 1519 for falsifying reports, and counts against Defendant for directing other law enforcement officers to falsify reports with the intent to prevent communication of information about the possible excessive use of force in violation of 18 U.S.C. § 1512(b)(3) ("Section 1512").  (Doc. 25).  On December 8, 2015, Defendant supplemented his Motions to Dismiss False Report Counts in order to request dismissal of all Section 1519 charges for falsifying reports regarding the use of excessive force. (Doc. 42, 43).  Additionally, Defendant filed his Motion to Dismiss Tampering Counts, arguing that the charges under Section 1512 should be dismissed because the tampering counts omit language establishing that the communication of information to a federal officer was "reasonably likely."  (Doc. 44).

## MOTIONS TO DISMISS FALSE REPORT COUNTS

As noted above, Defendant contends that the counts under Section 1519 in the superceded indictment should be dismissed on both statutory and constitutional grounds.

## I.    Dismissal of False Report Counts on Statutory Grounds

Defendant first contends that as a matter of statutory interpretation, following the Supreme Court's decision in Yates v. United States, 574 U.S. ___, 135 S. Ct. 1074 (2015), a jail incident report does not qualify as a "record," "document," or other

"tangible object," subject to Section 1519 because such reports are not related to financial fraud, and that all counts in the superceding indictment related to alleged falsification of such reports should be dismissed as a result.  (Doc. 14, 42).  The Government responds that the unambiguous statutory terms of Section 1519 include jail incident reports as a "record" or "document," that prior precedent – left undisturbed by Yates – confirms this, and that the decision by the Supreme Court in Yates supports the construction of "record" and/or "document" in Section 1519 as inclusive of jail incident reports. (Doc. 21).  Defendant replies that the Yates decision presented new "guideposts for interpreting [Section] 1519" solely in the "context of corporate financial misconduct," which "are a break from past interpretations," and that therefore all prior precedent is "irrelevant."  (Doc. 22).

In Yates, the Court considered the scope of Section 1519, which provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519.  At issue in Yates was whether a fish was within meaning of the term "tangible object," and therefore whether a commercial fisher could violate Section 1519

4

in covering up the wrongful capture of undersized fish by throwing those fish overboard, in an effort to impede an investigation into their improper capture.  Yates, 135 S. Ct. at 1078-81.  A four-justice plurality of the Court held merely that Section 1519 should not be read so "expansively to create a coverall spoiliation of evidence statute," and instead "that a 'tangible object' within [Section] 1519's compass is one used to record or preserve information."  Id. at 1088-89 (plurality opinion).  Justice Alito, concurring in the judgment, did not formally adopt this definition, but concluded simply that the term "'tangible object' should mean something similar to records or documents."  Id. at 1090 (Alito, J., concurring in the opinion).

While the Yates Court briefly noted that Section 1519 was enacted as part of the Sarbanes-Oxley Act of 2002, 116 Sta. 745, which was "designed to protect investors and restore trust in financial markets," see id. at 1078, 1081, it never considered whether, suggested that, or otherwise implied that Section 1519 should only apply in cases of financial fraud, see id. at 1080-89.  Instead, the Court decided merely that "tangible object" as used in Section 1519 is not subject to a totally "unrestrained reading," and does not include an any and all objects in the physical world (that is, of course, unless such an object records or preserves information).  Id. at 1081, 1088-89.  Defendant's argument that the Yates Court limited Section 1519 to financial fraud is found nowhere

in that opinion.

As an initial matter, the Yates defendant's limited argument only challenged that Section 1519 "targets not all manner of evidence, but [only] records, documents, and tangible objects used to preserve them, e.g., computers, servers, and other media on which information is stored." Id. at 1081. The Yates defendant did not argue or otherwise suggest that Section 1519 was limited to the financial sphere; thus, the Court was not asked to and did not consider new limitations on what "record[s]" or "document[s]" might be the basis for liability under Section 1519. Id. at 1081. It is hard to conclude that the Court imposed broad, new financial fraud limitations on Section 1519 without discussing how such limitations related to two of the three other categories of items identified in Section 1519. Moreover, prior to Yates, the Eleventh Circuit and multiple other courts of appeals had very clearly affirmed the conviction of defendants under Section 1519 on the basis of falsified reports such as those at issue in this case. See United States v. McQueen, 727 F.3d 1144 (11th Cir. 2013); United States v. Schmeltz, 667 F.3d 685 (6th Cir. 2011); United States v. Gray, 642 F.3d 371 (2d Cir. 2011); United States v. Morris, 404 F. App'x 916 (5th Cir. 2010). The Supreme Court in Yates did not express skepticism regarding or even address these decisions, much less the larger swath of opinions affirming Section 1519's application outside the realm of

6

financial fraud.  The Eleventh Circuit has expressed considerable skepticism that the Supreme Court would overturn substantial precedent without explaining why or how, and this Court agrees it did not do so in <u>Yates</u>.  <u>Johnson v. DeSoto Cty Bd. of Com'rs</u>, 72 F.3d 1556, 1563 (11th Cir. 1996) ("[I]t is incredible to suggest, as the plaintiffs do, that the Supreme Court in <u>De Grandy</u> intended to overrule sub silentio <u>Voinovich</u>, a unanimous decision it had reached only one year earlier, and that it did so without a single member of the Court protesting such an abrupt departure from stare decisis.").  Accordingly, the pre-<u>Yates</u> authority confirming that jail incident reports constitute records, documents, or other tangible objects under Section 1519 still stands.

Yates and its progeny support the conclusion that the <u>Yates</u> holding merely limits Section 1519's "records," "documents," and "tangible objects" to items recording or preserving information or otherwise susceptible for falsification, and does not limit it to instances of financial fraud.  In <u>Yates</u>, the Court held that fish do not constitute tangible objects under Section 1519 *because* they are not information-containing objects.  The <u>Yates</u> Court also noted that under its holding, a gun would not constitute a tangible item *because* "[i]t would be unnatural . . . to describe a killer's act of wiping fingerprints from a gun as 'falsifying' the murder weapon."  <u>Id.</u> at 1086 (plurality opinion).  Likewise, Justice Alito's concurrence identified objects that are not subject to Section 1519 solely

7

by reference to whether or not they contained information, and not whether they related to financial fraud.  Id. at 1089 (concluding that tangible objects did not include "an antelope, a colonial farmhouse, a hyrdofoil, [ ] an oil derrick . . . crocodile[s], salamanders, satellites, [ ] sand dunes . . . [or] fish").  In United States v. McRae, following Yates, the Fifth Circuit determined burning a car or body did not violate Section 1519 because "neither a car nor a corpse is used to record or preserve information or are similar to records or documents."  795 F.2d 471 (5th Cir. 2015) (citations and quotation omitted).  The McRae court did not even countenance the notion that Section 1519 did not apply because the underlying crime was homicide as opposed to financial fraud.  Similarly, in United States v. Carroll, while the court noted that hiding and burning a murder victim's car was not criminalized under Section 1519 because "there must be a purpose to destroy data," and the object must be "capable of being falsified or bearing a false entry," No. CR-13-0566-EMC, 2015 WL 2251206, at *2-3 (N.D. Cal. May 13, 2015), it stated clearly that "where one destroys a car because of the information recorded on the odometer," for example, the odometer could constitute a "tangible object" under Section 1519.  Id. at *4.  In every instance, it is an item's capacity to store information that makes its alteration, concealment, destruction or falsification wrongful, and not any relationship to financial fraud.  Defendant's

8

argument to the contrary is unsupported.

For the reasons discussed above,[2] Defendant's Motion to Dismiss Counts Two and Four Because 18 U.S.C. 1519 is Inapplicable to False Statements in Jail Incident Reports should be **DENIED**.  (Docs. 14, 42).

## II.     Dismissal of False Report Counts on Constitutional Grounds

Defendant next argues Section 1519 is unconstitutionally vague for three reasons: first, it does not include a corrupt intent requirement; second, it does not require the government prove a sufficient nexus or temporal period between a defendant's conduct and an actual federal investigation; third, it provides prosecutors with unfettered discretion to prosecute innocent actors. (Docs. 15, 43).  The Government responds, first, that the statute and other authority include two separate corrupt intent elements; second, that settled precedent regarding Section 1519 does not require the connections Defendants argues must exist to an actual federal investigation because Section 1519, unlike other obstruction statutes, includes an obstructive intent requirement; and third,

---

[2] Additionally, this Court finds that a jail incident report is both a record and document, as those unambiguous terms are used in Section 1519, as well as a tangible object used to record or preserve information as required by Yates.  See United States v. Wilson, 788 F.3d 1298, 1310 (11th Cir. 2015) ("The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning.").

AO 72A
(Rev.8/82)

that Section 1519's obstructive intent requirement likewise precludes discretion to prosecute innocent targets and clearly proscribes the Defendant's conduct.   (Doc. 21).

The "void-for-vagueness" doctrine, on which Defendant bases his argument, is an offshoot of the Firth Amendment's Due Process Clause and requires that a criminal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and that it does so in a manner that does not encourage arbitrary and discriminatory enforcement.  United States v. Fisher, 289 F.3d 1329, 1333 (11th Cir. 2002); see also  Johnson v. United States, 135 S. Ct. 2551 (2015). While a criminal statute may not be unconstitutionally vague, the Due Process Clause does not require statutes to provide "perfect clarity and precise guidance," Holder v. Humanitarian Law Project, 561 U.S. 1, 19 (2010) (quoting United States v. Williams, 553 U.S. 285, 304 (2008)), and "[e]xcept where First Amendment rights are involved, vagueness challenges must be evaluated in the light of the facts of the case at hand." Fisher, 289 F.3d at 1333 (citing United States v. Mazurie, 419 U.S. 544, 550 (1975)). Thus, "[a defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."  Holder, 561 U.S. at 18-19 (quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 n.7 (1982)).

10

Defendant's first argument – that Section 1519 is unconstitutionally vague because it does not include a corrupt or willful intent element – ignores the statutes' clear language, refers to no authority interpreting the elements or requirements of Section 1519, and is ultimately incorrect.  To reiterate, Section 1519 states:

> Whoever *knowingly* alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object *with the intent* to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519 (emphasis added).  By its very terms, then, Section 1519 requires proof of both that a defendant "knowingly . . . falsified" a record or document, and that he did so "with the intent to impede, obstruct, or influence" an investigation or administrative of a matter within federal jurisdiction.  Thus, there are two intent requirements plainly contained in this obstruction statute – first, knowledge of the obstructive conduct, such as "destr[uction], mutilat[ion], conceal[ment] . . . or falsifi[cation]" (that is, an intent to act obstructively); and second, an intent to "obstruct" a government proceeding (a wrongful intent to obstruct).  Id.  Moreover, appellate Courts interpreting Section 1519 have reached the same conclusion:  namely, "[t]hat the accused's intent must be wrongful is evident from the nature of the acts prohibited, such as knowing falsification

11

of documents, and the requisite intent to influence, obstruct, or impede an investigation or proper administration of a federal matter." United States v. Yielding, 657 F.3d 688, 713 (8th Cir. 2011); see also United States v. Moyer, 674 F.3d 192, 211 (3d Cir. 2012) (the knowledge and intent requirements of Section 1519 "eliminate[] any concerns regarding statutory vagueness"); United States v. Kernell, 667 F.3d 746, 753 (6th Cir. 2012) (the construction [of Section 1519] creates the needed specific intent and avoids [the defendant's] concern that "the statute would forbid innocent conduct such as routine destruction of documents that a person consciously and in good faith determines are irrelevant to a foreseeable federal matter.") (internal citations and quotations omitted). Accordingly, Defendant's first argument that Section 1519 is unconstitutionally vague because there is no wrongful or corrupt intent element included in Section 1519 fails.

Defendant next argues Section 1519 is unconstitutionally vague because a "requirement of obstructive conduct alone" fails to provide fair notice of prohibited conduct. (Doc. 15, pp. 9). Defendant contends that because there is no nexus or time requirement between the obstructive conduct and an actual investigation, as has been applied to other obstruction statutes, an actor would not "kn[o]w his action would have the probable result of obstruction." (Id. at 11). This argument also fails. Importantly, Defendant ignores, as explained in the immediately proceeding paragraphs, that Section

AO 72A
(Rev.8/82)

1519 itself contains not just an obstructive conduct requirement, but two wrongful intent requirements.  As discussed, there is the intent to act requirement – which Defendant appears to somewhat concede in acknowledging the "obstructive conduct" requirement – but also the intent to obstruct requirement: namely, that a person must act obstructively "with the intent to impede, obstruct, or influence the investigation or proper administration of any matter . . . or in relation to or contemplation of any such matter or case."  18 U.S.C. § 1519; see also United States v. McRae, 702 F.3d 806, 838 (5th Cir. 2012) (noting that Section 1519 "requires some form of obstructive intent, specifically a knowing destruction undertaken with the 'intent to impede, obstruct, or influence the investigation or proper administration of [a] matter.'").  Thus, contrary to Defendant's argument, in order to violate the statute, a person must act knowingly and with the wrongful intent to obstruct, and therefore must *necessarily* be aware of the wrongfully obstructive nature of his conduct.

Defendant's citations to United States v. Aguilar, 515 U.S. 593 (1995) and Arthur Anderson LLP v. United States, 544 U.S. 696 (2005) are unavailing.  In those cases, the Court was interpreting different obstruction statutes: first, in Aguilar, the catch all provision in 18 U.S.C. § 1503(a), which criminalizes "corruptly . . . influenc[ing], obstruct[ing], or imped[ing] . . . the due administration of justice"; and second, in Arthur

13

Anderson, 18 U.S.C § 1512(b)(2)(A)-(B), which criminalizes "corruptly persuad[ing] another person . . with intent to . . cause" that person to "withhold" documents from, or "alter" documents for use in, an "official proceeding."  In both instances, the Court was concerned that there was no requirement contained in the statutes that a person act with knowledge or consciousness of wrongful or obstructive intent.  See Aguilar, 515 U.S. at 593 (court was concerned that an actor could "lack[] the evil intent to obstruct" or "an intent to influence . . . proceedings," and must therefore have a "requisite intent to obstruct"); Arthur Andersen, 544 U.S. at 704-08 (applying requirement that defendant be have knowledge or consciousness of wrongdoing and "'the requisite intent to obstruct'") (citing Aguilar).  For the reasons outlined above, however, the obstructive intent requirement exists in Section 1519 within the statutory language itself, and need not be applied through an additional, court-created temporal, causal, or logical nexus requirement.

Moreover, to the extent Defendant argues Section 1519 requires his knowledge of an actual existing federal matter or case, Defendant is again mistaken.  In United States v. Hunt, the defendant was a local police detective charged with violating Section 1519 by filing a false police report about an arrest conducted with potentially excessive use of force.  526 F.3d 739, 741-43 (11th Cir. 2008).  At the time of the report, no

14

federal investigation had commenced, but the Eleventh Circuit held that the defendant acted with sufficient obstructive intent because he knew that the federal government could investigate such incidents, and a person of ordinary intelligence would understand such conduct was proscribed. Id. at 743-44. Similarly, in United States v. Yielding, the defendant was charged with violating Section 1519 by falsifying a promissory note with intent to impede a federal investigation into medical purchases. 657 F.3d 688 (8th Cir. 2011). At the time the note was falsified, the hospital had begun inquiring into the matter, but no federal investigation had begun. Id. at 697-98. The Eight Circuit determined that Section 1519 was not impermissibly vague as applied to the defendant, because even though a federal investigation had not begun when the defendant falsified the note, a person of ordinary intelligence would understand that Section 1519 nevertheless prohibited that conduct, because such an investigation could occur. Id. at 715. Moreover, the Court in Yielding explained that the "in contemplation of" language within Section 1519 had a "common usage and understanding" that referred to a "matter that was not yet pending but which the defendant envisioned or anticipated." 657 F.3d at 714; see also United States v. Kernell, 667 F.3d 746, 755 (6th Cir. 2012) ("Courts considering the question have consistently held that the belief that a federal investigation directed at the defendant's conduct might begin at some point in the future satisfies the

'in contemplation' prong.").

Here, this Court finds that a person of ordinary intelligence would understand that falsifying a jail incident report to cover up unlawful depravation of another individual's civil rights qualifies as prohibited conduct under Section 1519.  See Hunt, 526 F.3d at 742-44; see also Moyer, 674 F.3d at 211-12 (finding that any person of ordinary intelligence would understand that Section 1519 prohibits a police officer from knowingly writing a false report with intent to impede an ongoing or future investigation).  In particular, an ordinary person should know that falsifying reports into the use of excessive force (an unlawful depravation of an individual's civil rights) would constitute a violation of Section 1519.  See United States v. Griffin, No. CR 15-160 (DWF/FLN), 2016 WL 912180, at *3 (D. Minn. Mar. 7, 2016) (person of ordinary reason would know a falsified police report regarding excessive use of force violated Section 1519).

Finally, Defendant contends that Section 1519 is unconstitutionally vague because it does not provide sufficient standards for limiting prosecutorial discretion in enforcement.  Arguing that an array of hypothetical, innocent conduct would be subject to prosecution (e.g. "simply making a false entry in any record at all could subject an individual to criminal liability), Defendant again ignores the intent to obstruct prong of

16

Section 1519 that would prevent such conduct from prosecution.  (Doc. 14, p. 12-13).

More importantly, though, as the Government notes, Defendant's vagueness challenge  "must be evaluated in the light of the facts of the case at hand." Fisher, 289 F.3d at 1333 (citing Mazurie, 419 U.S. at 550).  Because Defendant's "argument is . . . based entirely on the effect that the statute may have on other, hypothetical defendants, [the Court] has no reason to consider it. McRae, 702 F.3d at 838; see also Holder, 561 U.S. at 18-20 (("[T]he dispositive point here is that the statutory terms are clear in their application to the [defendant's] proposed conduct, which means that [defendant's] vagueness challenge must fail.")).  As discussed above, Defendant's conduct is clearly proscribed by Section 1519, and as a result, Defendant's argument fails, even if Section 1519 might be potentially vague in other, hypothetical circumstances.[3]

For all the reasons discussed above, this Court concludes that 18 U.S.C. § 1519 is not unconstitutionally vague, and therefore **RECOMMENDS** that Defendant's Motion to Dismiss Counts Two and Four in the Indictment as Unconstitutionally Vague be **DENIED**.  (Docs. 15, 43).

## MOTION TO DISMISS TAMPERING COUNTS

---

[3] This Court notes that Defendant did not respond to the Government's argument that this challenge fails because Defendant has presented nothing more than hypotheticals.

Defendant's Motion to Dismiss Tampering Counts directly attacks the indictment in this case, arguing that the witness tampering counts under Section 1512 should be dismissed because they omit language establishing that the communication of the information at issue to a federal officer was "reasonably likely." (Doc. 44). The Government responds that the indictment is sufficient because it tracks the language of the statute, and that the "reasonably likely" standard is not an separate element that must be included in the indictment. (Doc. 51). Defendant filed no reply. This Court finds that the Section 1512 counts in the superceding indictment are legally sufficient.

Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to file a motion, alleging a defect in the indictment or information. Fed. R. Crim. P. 12(b)(3)(B). "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Schmitz, 634 F.3d 1247, 1259 (11th Cir. 2011). The sufficiency of a criminal indictment is determined from its face. United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)). "It is generally sufficient that an indictment set forth the offense in the words of the statute

18

itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." United States v. Garrett, 467 F. App'x 864, 867 (11th Cir. 2012), citing Hamling v. United States, 418 U.S. 87, 117 (1974); see also Critzer, 951 F.2d at 307-08.

Section 1512(b)(3), as charged against Defendant in the superceding indictment, makes it illegal to "knowingly . . . corruptly persuade[] another person . . . with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense." The superceding indictment tracks this language nearly verbatim: "Defendant . . . knowingly corruptly persuaded [a jail employees] under his supervision, with the intent to hinder, delay, and prevent the communication, to a federal law enforcement officer, of information relating to the commission and possible commission of a federal offense." (Doc. 25, Counts 9, 13). Each count under Section 1512 also includes specific information relating to the facts alleged against Defendant for the separate incidents.

Despite this, citing to Fowler v. United States 563 U.S. 668, 131 S. Ct. 2045 (2011), Defendant contends that the Section 1512 counts should be dismissed because

19

the superceding indictment does not include language establishing that there was a "reasonable likelihood that a relevant communication would have been made to a federal officer." (Doc. 44, p. 3 (emphasis in original)).  In <u>Fowler</u>, the Supreme Court held that in order to prove that a defendant violated Section 1512 with the "intent to . . . prevent [a] communication to a law enforcement officer," in general (as opposed to preventing communications to a specific individual), the Government must show that "the likelihood of communication to a federal officer was more than remote, outlandish, or hypothetical."  563 U.S. 668, 131 S. Ct. 2045, 2051-53 (2011).  Thus, the Court concluded, that in order to prove "an intent to prevent communications with federal law enforcement officers" generally, it must be reasonably likely under the circumstances that (in the absence of the [wrongful witness tampering conduct]) at least one of the relevant communications would have been made to a federal officer."  <u>Id.</u> at 2051.  In so holding, the Court rejected the Eleventh Circuit's "possibility" standard, which allowed the "Government to show only a mere possibility that a communication would have been with federal officials."  <u>Id.</u>

However, at issue in <u>Fowler</u> was not the legal sufficiency of an indictment, but what the Government must ultimately demonstrate at trial in order to prove the "intent

to . . . prevent" element of a Section 1512 claim.  Id. at 2051-53.[4]  Indeed, as the

Eleventh Circuit has discussed, the Fowler decision is merely "an elaborating

interpretation of the intent language." Aguero v. United States, 580 F. App'x 748, 753

(11th Cir. 2014).  Rather than create a new element, the Court merely explained how one

of the statutory elements must be provided.  Id.  Indeed, in Aguero, the Eleventh Circuit

concluded that even jury instructions that track only the statutory language are not

necessarily in error if they do not include the Fowler reasonable likelihood standard.  Id.

Defendant's argument based upon Fowler "prematurely conflate[s] pleading with proof.

Essentially, Defendant [is] challenging the sufficiency of the evidence, arguing that the

Government lacks adequate evidence to establish a violation of the statute."  United

States v. McDaniel, No. 2:13-CR-0015-RWS-JCF, 2013 WL 8476819, at *14 (N.D. Ga.

Oct. 2, 2013), report and recommendation adopted, No. 2:13-CR-00015-RWS, 2014 WL

2084891 (N.D. Ga. May 16, 2014) (rejecting challenge of indictment that did not "allege

that [defendants] had knowledge of the proceedings and intended to obstruct them")

---

[4] Likewise, in United States v. Chafin, the only other authority cited to by
Defendant, the issue was how the district court analyzed the proof offered during a
bench trial on charges including tampering under Section 1512. 808 F.3d 1263, 1274
(11th Cir. 2015), cert. denied, No. 15-7874, 2016 WL 361640 (U.S. Mar. 7, 2016).
The Chafin Court never addressed the sufficiency of the indictment or jury
instructions.

AO 72A
(Rev.8/82)

(internal citations and quotations omitted).

Although this Court is unaware of any opinion addressing challenges to an indictment based upon it lacking Fowler's reasonable likelihood standard, courts have rejected the same challenges to indictments based upon other, similar obstruction statutes.  See United States v. Schwimmer, 649 F. Supp. 544, 548 (E.D.N.Y. 1986) ("As part of its proof of a corrupt endeavor to influence the due administration of justice, the government must demonstrate that there was a pending judicial proceeding of which the defendant was aware, but there is no requirement that this component of the required mental state be spelled out in the indictment.") (citation omitted); United States v. Jackson, 850 F. Supp. 1481, 1500 (D. Kan. 1994) ("Count thirty-two alleges a federal grand jury investigation in the District of Kansas. In the defendants' judgment, count thirty-two, however, does not contain the second element, because it does not allege in precise terms that they knew or had notice of the pending grand jury investigation. The case law does not support such an exacting standard. The indictment need not spell out that the defendants knew or were aware of the proceeding.").  This Court agrees with that reasoning.

"Ultimately, the appropriate test is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards."

United States v. McGarity, 669 F.3d 1218, 1235-36 (11th Cir. 2012) (internal quotation omitted).  "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge."  United States v. Fern, 155 F.3d 1318, 1325 (11th Cir.1998).  The indictment in this case does that.  Moreover, as the Eleventh Circuit has held:

> to obstruct justice in violation of § 1512(b)(3), a defendant must knowingly and willfully:  (1) engage in misleading conduct toward another person, (2) with the intent to hinder, delay or prevent the communication of information to a federal official, (3) about the commission or the possible commission of a federal crime.

United States v. Ronda, 455 F.3d 1273, 1284 (11th Cir. 2006) (citing United States v. Veal, 153 F.3d 1233, 1253 (11th Cir. 1998), cert. denied, 526 U.S. 1147, 119 S.Ct. 2024, 143 L.Ed.2d 1035 (1999)).  Here, the superceding indictment lays out these three essential elements,[5] along with sufficient supporting factual allegations to provide notice to Defendant of the charges to be defended, and is therefore legally sufficient.  Accordingly, Defendant's Motion to Dismiss Tampering Counts should be **DENIED**. (Doc. 44).

---

[5] Moreover, an indictment need not specify each element of an offense with particularity.  Rather . . . [t]he linchpin" is whether "the indictment provided sufficient notice of the allegations."  United States v. McGarity, 669 F.3d 1218, 1237 (11th Cir. 2012).  The indictment here does so by tracking the statutory language.

23

## CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant's Motions to Dismiss False Report Counts be **DENIED** (Docs. 14, 15) and Motion to Dismiss Tampering Counts be **DENIED** (Doc. 44).  As there are no further motions pending before the undersigned magistrate judge, this action is **CERTIFIED READY FOR TRIAL**.

**SO ORDERED**, this ___15___ day of March, 2016.


/s/LINDA T. WALKER_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

24