IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | |
| DWIGHT HAMILTON, | CRIMINAL ACTION FILE NUMBER 1:15-cr-0240-TCB |
| Defendant. | |

## **O R D E R**

This case comes before the Court on Magistrate Judge Linda T. Walker's Report and Recommendation (the "R&R") [56], which recommends that Defendant Dwight Hamilton's motions to dismiss the charges under 18 U.S.C. § 1519 [14, 15], as supplemented [42, 43], and his motion to dismiss the charges under 18 U.S.C. § 1512 [44] be denied. Hamilton has filed objections to the R&R [59].

### I.   Background

Hamilton, a sergeant in the DeKalb County Sheriff's office, is charged with five counts of using excessive force against inmates in violation of 18 U.S.C. § 242 (counts one, three, six and ten and fourteen), six counts of falsifying jail incident reports in violation of 18

U.S.C. § 1519 (counts two, seven, eight, eleven, twelve and fifteen) and two counts of corruptly persuading another employee to adopt a false report in violation of 18 U.S.C. § 1512(b)(3) (counts nine and thirteen) [25]. Hamilton moved to dismiss all of the false incident report charges under § 1519 on both statutory and constitutional grounds [14, 15, 42, 43]. He also moved to dismiss the tampering counts under § 1512 for failing to state a necessary element of the crime.

## II.     Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)).[1] Where a party objects to an R&R, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). Those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's

---

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for a district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). By contrast, the standard of review on appeal distinguishes between factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

3

findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C). The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

### III. Hamilton's Objections to the R&R

#### A. The § 1519 Counts after *Yates*

Hamilton is charged with six counts of falsifying jail incident reports in violation of 18 U.S.C. § 1519, which punishes anyone who "knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry *in any record, document, or tangible object*" that is part of a contemplated or actual federal investigation. § 1519 (emphasis added). He argues that under *Yates v. United States,* 574 U.S. __, 135 S.

4

Ct. 1074 (2015) a jail incident report doesn't qualify as a "record," "document," or other "tangible object."

In *Yates* the Supreme Court construed "tangible object" to cover objects that one can use to record or preserve information, and thus held that fish were not covered by this definition. *Id*. at 1079. Clearly an incident report records and preserves information. But a jail incident report need not qualify as a "tangible object," since it qualifies as a "record" or document." The Eleventh Circuit has held that police reports are "records" or "documents" for the purposes of § 1519, and the Court is not persuaded that jail incident reports are meaningfully different. *United States v. Hunt,* 526 F.3d 739, 743 (11th Cir. 2008) ("[A] person of ordinary intelligence would understand a police report to be a 'record' or 'document.'").

Hamilton also argues that § 1519 was enacted as part of the Sarbanes-Oxley Act of 2002 "designed to protect investors and restore trust in financial markets" and that the Supreme Court therefore intended for lower courts to interpret and apply § 1519 in the context of Sarbanes-Oxley only. Yet as the R&R correctly points out, this is found

nowhere in *Yates*: the Supreme Court merely decided that "tangible object" as used in the statute is not subject to a completely "unrestrained reading" and does not include any and all objects in the physical world, unless such an object records or preserves information. *Yates*, 135 S. Ct. at 1079. Moreover the Eleventh Circuit has previously rejected the argument Hamilton attempts to make:

> [The Defendant] makes much of the fact that § 1519 was passed as part of the Sarbanes-Oxley Act, which was targeted at corporate fraud and executive malfeasance. . . . But that same breadth bears no hint of any limiting principle cabining § 1519 to corporate fraud cases, and Congress is free to pass laws with language covering areas well beyond the particular crisis du jour that initially prompted legislative action.

*Hunt*, 526 F.3d at 744. Indeed, federal courts of appeal have routinely affirmed $1519 convictions predicated on falsified reports written by correctional officers, and the discussion of the "tangible object" definition in *Yates* would not alter those outcomes. *See United States v. McQueen,* 727 F.3d 1144 (11th Cir. 2013), *United States v. Schmeltz,* 667 F.3d 685 (6th Cir. 2011), *United States v. Gray,* 642 F.3d 371 (2d Cir. 2011), *United States v. Morris,* 404 F. App'x 916 (5th Cir. 2010).

Therefore, the Court adopts Magistrate Judge Walker's finding that § 1519 can be applied outside the context of financial fraud, and Hamilton's motion to dismiss the § 1519 claims on this ground will be denied.

### B.     Constitutional Vagueness

Hamilton argues that § 1519 is unconstitutionally vague for two principal reasons: (1) the statute does not include a corrupt intent requirement, and (2) the statute does not require the Government to prove a sufficient nexus or temporal period between a defendant's conduct and an actual federal investigation.

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "[T]he vagueness doctrine bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its

application.'" *United States v. Lanier*, 520 U.S. 259, 266 (1997) (quoting *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 391 (1926)).

The Eleventh Circuit has previously upheld § 1519 on a vagueness challenge. *Hunt*, 526 F.3d at 743 ("Nothing [in the text of the statute] suggests that the statute is, in the context before us, vague."). Hamilton nevertheless argues that the statute is vague because it does not contain a requirement that the defendant "acted with culpable intent relative to a known duty to preserve records." As with all challenges for vagueness, the Court begins with the text of the statute, which contains clear language of intent: "[w]hoever **knowingly** alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object **with the intent** to impede, obstruct, or influence . . . ." § 1519 (emphasis added). Courts have routinely found that this language codifies two intent requirements for § 1519: that "the accused's intent must be wrongful . . . and the requisite intent to influence, obstruct or impede an investigation." *United States v. Yielding,* 657 F.3d 688, 713 (8th Cir. 2011); *see also Hunt*, 526 F.3d at 543; *United States v. Moyer,* 674 F.3d 192, 211 (3d

8

Cir. 2012); *United States v. Kernell,* 667 F.3d 746, 753 (6th Cir. 2012). The second intent requirement directly addresses Hamilton's concern by tying the wrongful action directly to the intent to impede or influence an investigation. This is true even if the defendant is unaware of a specific investigation. *See Kernell,* 667 F.3d at 755 ("Courts considering the question have consistently held that the belief that a federal investigation directed at the defendant's conduct might begin at some point in the future satisfies the 'in contemplation' prong.'").

Hamilton next argues that § 1519 lacks a nexus between the alleged obstructive conduct and a federal investigation. While § 1519 does not contain a specific temporal requirement, the plain language of the statute requires that the defendant intended to impede, obstruct or influence an investigation, thus providing sufficient nexus between the act and the investigation. Moreover, the Eleventh Circuit has upheld convictions under § 1519 where the Defendant knew that the federal government could investigate such incidents, and a person of ordinary intelligence would understand such conduct was proscribed. *Hunt* at 742-43 (upholding conviction where the defendant was aware that "the

9

federal government would investigate and prosecute civil rights violations," even if a specific investigation had not begun). Thus, the Court is satisfied that § 1519 provides a sufficient nexus for a person of ordinary intelligence to understand what conduct is prohibited.

Accordingly, the Court adopts Magistrate Judge Walker's finding that § 1519 is not unconstitutionally vague, and Hamilton's motion to dismiss the § 1519 claims on this ground will be denied.

### C.   Tampering Counts

Hamilton seeks dismissal of the two counts charging a violation of 18 U.S.C. § 1512 because the indictment "fails to allege a reasonable likelihood that Mr. Hamilton's allegedly misleading conduct would be communicated to a federal official." For support, Hamilton relies on *Fowler v. United States*, 563 U.S. 668, 131 S.Ct. 2045, 2053 (2011), which held that a conviction under § 1512 based on general intent required proof that the likelihood of communication to a federal officer "was more than remote, outlandish or hypothethical."

However, judicial interpretation of a statute will not necessarily affect how such statutes are presented in a valid indictment. "It is

generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Garrett*, 467 F. App'x 864, 867 (11th Cir. 2012). Requiring an indictment to take account of all judicial interpretations of a particular statute would be unwieldy. Instead, it is sufficient that the indictment plainly puts forward the essential elements of the charged offense such that the defendant is notified of the charges and could present any possible double jeopardy defenses. *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011).

Moreover, *Fowler* did not introduce any new elements for a conviction under § 1512. Instead, the Supreme Court merely interpreted the already-present element of intent to exclude those situations where "the likelihood of communication to a federal officer was [not] more than remote, outlandish or hypothetical." *Fowler*, 131 S.Ct. at 2053. While Hamilton may be able to argue that *Fowler's* construction of § 1512

11

should be explained to the jury,[3] this construction does not undermine the fact that all of the necessary elements of § 1512 are already present in the indictment.

### D. Remaining Claims

As to the remaining issues discussed in the R&R—those to which Hamilton has not objected—the Court has conducted a careful review and finds that Magistrate Judge Walker's factual and legal conclusions were correct.

## IV. Conclusion

The Court has conducted a careful review of the R&R and Hamilton's objections thereto. Having done so, the Court finds that Magistrate Judge Walker's factual and legal conclusions were correct and that Hamilton's objections have no merit. Accordingly, the Court ADOPTS AS ITS ORDER the R&R [56]. Hamilton's motions to dismiss the § 1519 charges [14, 15] are DENIED, and his motion to dismiss Counts Nine and Thirteen [44] is DENIED.

---

[3] *But see Aguero v. United States*, 580 F. App'x 748, 753 (11th Cir. 2014) ("[Defendant] cannot show that the failure to utilize the *Fowler* standard at his trial 'had a substantial and injurious effect or influence in determining the jury's verdict.'").

IT IS SO ORDERED this 28th day of April, 2015.

_____
Timothy C. Batten, Sr.
United States District Judge